CLIFTON, Circuit Judge,
concurring:
I concur entirely in the result and reasoning of the disposition as to the merits of ICTSI’s appeal. I write separately to express concern over the district court’s decision to enter partial final judgment under Rule 54(b) on ICTSI’s federal antitrust counterclaim. I agree with the opinion’s admonition that, in circumstances like these, a preferable approach would be for the district court to certify its order for interlocutory appeal. Alternatively, the district court in this case should have refused appellate review altogether.
Most importantly, for purposes of Rule 54(b) certification, it is not obvious why there was “no just reason for delay” in entering partial final judgment on ICTSI’s antitrust counterclaim. Fed. R. Civ. P. 54(b). Entering partial final judgment instead promoted a disfavored piecemeal appeal. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). I accept the district court’s determination, affirmed by our court’s opinion, that the antitrust counterclaim raised discrete and independent issues of law. Even so, the counterclaim was ultimately secondary to the primary dispute at issue in this case: a jurisdictional dispute between rival unions over reefer work assignments. Allowing, the main action to proceed at the district court, even if staged pending the resolution of related NLRB proceedings, may have resulted in resolution of the parties’ primary dispute, thereby obviating the need for an appeal addressing ICTSI’s follow-on antitrust counterclaim. Under these circumstances, I cannot say that the interests of “sound judicial administration” were served by this appeal. Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005).
We have treated the judgment as final, and that makes sense at this point for reasons of efficiency and simplicity, but I hope this is not a course that is repeated in the future.